# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Plaintiff,*

vs.

RANDY LASWELL, *et al.,*

    *Defendants.*

2:09-cv-02058-PMP-PAL

ORDER

This prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic

recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, Plaintiff Percy Lavae Bacon seeks to present federal and state law claims for monetary, injunctive, and declaratory relief arising out of a search and arrest allegedly occurring on September 3, 2003, and his resulting conviction in municipal court on multiple charges. He seeks to pursue the claims against North Las Vegas Police Department Officer Randy Laswell and three John Doe officer defendants, in their individual and official capacity. He challenges the lawfulness of the search and arrest, and he also presents claims arising from the incident including claims for assault, battery, and excessive force.

Plaintiff's claims are barred by the applicable statute of limitations on the face of the complaint.

Under federal law, Section 1983 claims arising out of Nevada are governed by a two-year limitations period. *See,e.g., Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)(federal courts apply the forum state's personal injury statute of limitations for section 1983 claims); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989)(Nevada's statute of limitations for personal injury claims is two years).

With regard to the claims alleging assault, battery, excessive force, and other torts allegedly committed during the September 3, 2003, incident, the federal and Nevada state law claims long since have been time-barred under the applicable two-year limitations period.

With regard to the claims alleging an unlawful search and arrest, plaintiff alleges that the North Las Vegas Municipal Court Judge "dismiss[ed] the case, on May 3, 2005, which begun the statute of limitation." #4, at handwritten page 9. Taking this allegation as true solely for purposes of the present review, the applicable statute of limitations on Plaintiff's federal and Nevada state law claims accordingly expired more than two years prior to the mailing of the federal complaint in this matter for filing on or about June 13, 2009.

1  All claims in this matter accordingly are time-barred on the face of the complaint.[1]

2  The complaint therefore will be dismissed for failure to state a claim upon which relief may be granted. The Court finds that delaying dismissal for leave to amend would be futile.[2]

IT THEREFORE IS ORDERED that the complaint is DISMISSED for failure to state a claim upon which relief may be granted.

IT FURTHER IS ORDERED that, **prior to generating a notice of electronic filing and transmittal envelope**, the Clerk of the Court shall correct the docket to show the address shown in Plaintiff's papers at Southern Desert Correctional Center, P.O. Box 208, Indian Springs, NV 89070. Nothing in Plaintiff's papers includes the High Desert State Prison address instead shown on the docket sheet. The Clerk additionally shall send Plaintiff a copy of #3 and an updated docket sheet.

The Clerk of the Court shall enter final judgment accordingly in favor of Defendants and against Plaintiff, dismissing this action for failure to state a claim.

DATED: July 27, 2010.

_____
PHILIP M. PRO
United States District Judge

---

[1] If, contrary to Plaintiff's allegations, the conviction in question was not invalidated in May 2005, then the unlawful search and arrest claims would not be cognizable under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and the corresponding state law rule applied in Nevada. From the papers attached with the complaint, it does not appear that Plaintiff did not challenge the conviction after a suspended sentence was imposed until he later was incarcerated. See December 3, 2008, Order of Affirmance, at 1-2 (attached with #4). *Heck* and the corresponding state law rule apply even if Plaintiff no longer was in custody under the particular conviction challenged in the civil rights suit. It is the challenge to a conviction that has not been previously invalidated, not the source of the Plaintiff's current custody at the time of the civil suit, that implicates the *Heck* bar.

[2] Nothing in this order expressly or impliedly holds that the complaint otherwise is free of deficiencies. *Inter alia*, Plaintiff failed to comply with Local Rule LSR 2-1, which requires that a *pro se* civil rights plaintiff used the Court's required Section 1983 form. In the present case, Plaintiff merely used the first two pages and signature page from the complaint form as a cover for an otherwise handwritten homemade complaint. Plaintiff instead must use the Court's required form for the entirety of his complaint. The Court has not tarried over this and other potential deficiencies in the complaint and claims alleged, given that all claims in the complaint clearly are time-barred on their face.