1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Plaintiff,*

vs.

RANDY LASWELL, *et al.,*

    *Defendant*s.

2:09-cv-02058-PMP-PAL

ORDER

This prisoner civil rights action comes before the Court on Plaintiff's motion (#7) for rehearing.   The motion was filed within 28 days of entry of judgment, and the Court accordingly reviews the motion as arising under Rule 59 of the Federal Rules of Civil Procedure.

The Court dismissed the action with prejudice because all of the claims asserted were barred by the applicable two-year statute of limitations.  The alleged illegal search and arrest, use of excessive force, and other torts were alleged to have occurred on September 3, 2003. The Court further accepted as true for purposes of screening review Plaintiff's allegation that the North Las Vegas Municipal Court Judge "dismiss[ed] the case, on May 3, 2005, which begun the statute of limitation." #4, at handwritten page 9.  The Complaint in this matter was mailed for filing on or about June 13, 2009.  All claims asserted in the Complaint thus long since had been time barred.  See #5.

Plaintiff's arguments seeking rehearing all are without merit.

First, Plaintiff urges that he is entitled to equitable tolling of the limitations period because he allegedly diligently pursued earlier actions.  He asserts that he filed a state court

1  action on August 1, 2005 that was removed to federal court and then was dismissed without

2  prejudice.  He asserts that he then filed another state court action on March 26, 2006, that

3  he maintains was erroneously dismissed.  The Supreme Court of Nevada affirmed on appeal,

4  and the United States Supreme Court denied Plaintiff's petition for a writ of *certiorari*.

5      Plaintiff's pursuit of prior actions that were dismissed does not provide a basis for

6  "equitable tolling" that allows him simply to file another, untimely action.  If anything, a prior

7  dismissal potentially may give rise to a bar to the current action and/or claims therein based

8  upon *res judicata* and/or collateral estoppel.  The prior dismissals, whether erroneous or no,

9  clearly do not provide a basis for equitable tolling of the statute of limitations.  Plaintiff's

10 potential remedy as to a prior dismissal was via appeal and requests for review in the higher

11 courts.  If Plaintiff does not secure relief in this manner, he may not circumvent the prior

12 dismissals and simply start litigating his claims once again in a new action in a federal district

13 court based upon "equitable tolling."  Plaintiff's reliance upon federal habeas equitable tolling

14 authorities in this regard is misplaced.  These authorities have nothing to do with the tolling

15 of the statute of limitations applicable to a federal civil rights claim.  *Inter alia*, there is no

16 requirement that Plaintiff pursue civil rights remedies in state court prior to asserting the civil

17 rights claims in federal court, and there is no statutory provision for tolling during pursuit of

18 the civil rights claims in state court.

19     Second, Plaintiff contends that the screening and fee payment provisions of the

20 Prisoner Litigation Reform Act (PLRA) do not apply to the Complaint in this matter because

21 he allegedly was not a prisoner based upon the allegations of the present lawsuit but instead

22 is incarcerated on other charges.  The governing statute contains no such limitation restricting

23 the reach of the PLRA to only prisoner suits allegedly directly involving only the plaintiff's

24 current custody.  Plaintiff was a prisoner when this action was filed, and he remains so now.

25 The PLRA screening and fee payment provisions apply fully to this action.  See 28 U.S.C. §

26 1915A(a) & (h).  Moreover, as to screening, an allegedly non-prisoner suit in any event is

27 subject to screening under 28 U.S.C. § 1915(e)(2).

28     / / / /

1    Third, Plaintiff urges that the Court cannot "overlook" his *Monell* claim and states that

2    he would like to file an amended complaint alleging that the police officers acted pursuant to

3    custom, practice and policy during the arrest and search.  Any such claim, whether asserted

4    in the original complaint or an amended complaint, clearly is time-barred.

5    Fourth, Plaintiff maintains that the Court improperly dismissed the complaint without

6    providing an opportunity to amend.  The Court expressly found that delaying dismissal for

7    leave to amend would be futile. #5, at 3, line 3.  Plaintiff's arguments in the present motion

8    for rehearing only reinforce that finding.  The Complaint clearly is time-barred on its face, and

9    amendment would be futile.

10    IT THEREFORE IS ORDERED that Plaintiff's motion (#7) for rehearing is DENIED.

11    The order and judgment of dismissal as well as the prior order (#3) regarding fee payment all

12    remain and have remained in full force and effect.

13          DATED: August 10, 2010.

14

15

16    _____
      PHILIP M. PRO

17    United States District Judge

18

19

20

21

22

23

24

25

26

27

28