# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    *Plaintiff,*

vs.

RANDY LASWELL, *et al.,*

    *Defendant*s.

2:09-cv-02058-PMP-PAL

ORDER

This closed prisoner civil rights action comes before the Court on Plaintiff's fourth motion (#22) for post-judgment relief.  The present motion is filed more than two years after entry of final judgment in this matter and nearly two years after denial of Plaintiff's third motion for post-judgment relief.

Petitioner seeks to reopen the matter based upon an alleged fraud on the Court, which is a ground that would arise under Rule 60(b)(3) of the Federal Rules of Civil Procedure.  A motion for relief from judgment under Rule 60(b)(3) must be brought no more than one year after entry of judgment.  Fed.R.Civ.Pro 60(c).  The motion therefore is untimely on its face.[1]

Plaintiff's allegations of fraud upon the Court in any event are frivolous.  This action was dismissed because *Plaintiff's* allegations presented claims that were time-barred.  The Ninth Circuit found that Plaintiff's appeal from the dismissal was frivolous.  No opposing party or other party made any representations to the Court at any time in this proceeding.  There has been no fraud by an opposing party in this matter that led to dismissal of the action.

---

[1]The motion, which rehashes arguments or variations on arguments that this Court has considered and rejected multiple times in this case (see ## 5, 8 & 14), in any event was not brought within a reasonable time after entry of judgment for purposes of Rule 60(c).

1    The Court has considerable patience, but it has neither the time nor resources to

2    consider repeated frivolous post-judgment motions in a long-closed case.  The Court places

3    Plaintiff on notice that if he files any further frivolous papers in this matter, other than a notice

4    of appeal from this order, he will be directed to show cause in writing why sanctions should

5    not be imposed under Rule 11 of the Federal Rules of Civil Procedure, including imposition

6    of substantial monetary sanctions to be drawn in installments from his inmate account against

7    any present or future balance and referral to correctional authorities for consideration of

8    imposition of sanctions for institutional major violation MJ48 and/or forfeiture of sentence

9    credits under N.R.S. 209.451(d).[2]

10   This is the last warning that Plaintiff will receive prior to the Court initiating sanctions

11   proceedings.  The Court has ruled in this matter, repeatedly.  The action has been, and

12   remains, closed.  Further frivolous filings by Plaintiff will lead not to reopening of the matter

13   but instead to initiation of sanctions proceedings against Plaintiff.

14   IT THEREFORE IS ORDERED that Plaintiff's fourth motion (#22) for post-judgment

15   relief is DENIED.

16   IT FURTHER IS ORDERED, pursuant to 28 U.S.C. § 1915(a)(3), that the Court

17   certifies that an appeal from this order would not be taken in good faith.  Plaintiff's fourth post-

18   judgment motion is both untimely and frivolous, such that an appeal of the denial of the order

19   would be dismissed in the case of a non-indigent litigant.  The Clerk of the Court shall

20   prominently note this certification in the docket entry for this Order.

21   DATED:   December 3, 2012.

22

23

24   _____
     PHILIP M. PRO
25   United States District Judge

26   _____

27   [2]Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the
     following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false
28   documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions
     and/or warnings for any such actions from any court.  Although not necessary for disciplinary purposes, any
     Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."